YOUNG *et al.* *v.* OAKES, HENDERSON & COMPANY.

Where all the plaintiffs in an action originally brought against a corporation of this State are residents thereof, and under an amendment filed by them citizens of another State are made parties defendant, the latter are not entitled, upon the ground of "diverse citizenship," to remove the case to a circuit court of the United States.

Argued February 14, — Decided April 11, 1898.

Petition to remove cause. Before Judge Kimsey. White superior court. April term, 1897.

*J. W. H. Underwood* and *H. H. Dean,* for plaintiffs in error.
*H. H. Perry, G. S. Kytle* and *J. L. Oakes,* contra.

FISH, J.. The petition for the removal of the cause into the circuit court of the United States alleged, "that the controversy in said suit is between citizens of different States, and that your petitioners, Henry E. Young and J. F. Redding, defendants in the above-entitled suit, were at the time they were made parties by amendment, and still are, citizens of the State of South Carolina, and the plaintiffs, Oakes, Henderson & Co., and E. F. Whatley, and all the other plaintiffs were all then and all are now citizens of the State of Georgia." The petition contained no other ground for removal. The bill of exceptions states that: "Said petition for removal being on the ground that the controversy in said suit was and is between citizens of different States"; and that "plaintiffs' counsel objected to the court's allowing said case to be removed, . . solely upon the ground that petitioners did not have any right to have said cause removed, and on the ground that there was no separable controversy between the defendants Young and Redding, and plaintiffs, that could be tried separate from the case of the plaintiffs against the said Yonah Land & Mining Co." The bill of exceptions further recites that: "After hearing argument the court passed the following order upon said petition to remove: 'White Superior Court, April term, 1897. The above petition being considered, after hearing argument, it is ordered that the application for removal of the said case be denied; it not appearing from the pleadings that there is a separable controversy.'" It will be seen, therefore, that the sole ground for removal stated in the petition was, that there was "a controversy between citizens of different States"; that the only specific objection made to the removal was, "that there was no separable controversy"; and that the judge decided the case could not be removed, because it did not appear that "there [was] a separable controversy." The question whether the controversy between the plaintiffs, and the defendants Young and Redding, who sought the removal, was one which was separable and could be fully determined, as between them, without the presence of the other defendant, is not here for decision, because the peti-

tion did not allege there was any such separable controversy, and therefore no such question was made for determination before the court below. The judge did right, however, in deciding that the case could not be removed, although he gave a wrong reason for so holding.

It appeared that all of the plaintiffs were citizens of Georgia, and that one of the defendants, the Yonah Land & Mining Co., was a corporation of this State. Therefore the cause was not removable to the circuit court of the United States, on the ground of diverse citizenship, even though Young and Redding were non-residents of Georgia. "If any one of the plaintiffs is a citizen of the same State with any one of the defendants, the case will not be removable." Black's Dillon on Removal of Causes, § 84; *Western Union Tel. Co.* v. *Griffith*, ante, 56.

*Judgment affirmed. All concurring, except Cobb, J., absent.*